12-3648-cv
High Falls Brewing Co. v. Boston Beer Corp.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of February, two thousand thirteen.

PRESENT: RALPH K. WINTER,
DENNY CHIN,
CHRISTOPHER F. DRONEY,
Circuit Judges,

- - - - - - - - - - - - - - - - - - - - - - - -x

HIGH FALLS BREWING COMPANY, LLC,
NORTH AMERICAN BREWERIES, INC.,
Plaintiffs-Counterclaim-
Defendants,

HIGH FALLS OPERATING CO., LLC, KPS
CAPITAL PARTNERS LP,
Plaintiffs-Counterclaim-
Defendants-Appellees,

-v- 12-3648-cv

BOSTON BEER CORPORATION,
Defendant-Counterclaim-
Plaintiff-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFFS-COUNTER-         GREGORY M. BOYLE (Jason F. Krigel,
    DEFENDANTS-APPELLEES:       on the brief), Jenner & Block LLP,
                               Chicago, Illinois.

FOR DEFENDANT-COUNTER-          GEORGE J. SKELLY (J. Christopher
    CLAIMANT-APPELLANT:         Allen, Jr., Troy K. Lieberman, on
                               the brief), Nixon Peabody LLP,
                               Boston, Massachusetts.

---

* The Clerk of the Court is directed to amend the official caption to conform to the above.

Appeal from the United States District Court for the Western District of New York (Siragusa, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-counterclaim-plaintiff-appellant Boston Beer Corporation ("Boston Beer") appeals from the judgment entered September 10, 2012, denying plaintiffs' requests for declaratory and injunctive relief, enforcing the arbitration award between Boston Beer and plaintiff-counterclaim-defendant High Falls Brewing Company, LLC ("High Falls"), and dismissing Boston Beer's counterclaims. On appeal, Boston Beer challenges only the district court's decision and order filed June 26, 2012, denying leave to amend its counterclaim against plaintiffs-counterclaim-defendants-appellees High Falls Operating Co., LLC and KPS Capital Partners LP for tortious interference with contract because the amendment would have been futile. We assume the parties' familiarity with the facts, procedural history, and specification of issues for review.

Boston Beer argues that amending the counterclaim would not be futile because its new proposed allegations, if properly credited, state a claim of tortious interference with contract. We review the denial of leave to amend for abuse of discretion, but the legal determination that a proposed amendment is futile de novo. Hutchison v. Deutsche Bank Secs. Inc., 647 F.3d 479, 490 (2d Cir. 2011).

To establish tortious interference with a contract under New York law, "the plaintiff must show the existence of its

- 2 -

valid contract with a third party, defendant's knowledge of that contract, defendant's intentional and improper procuring of a breach, and damages." White Plains Coat & Apron Co. v. Cintas Corp., 8 N.Y.3d 422, 426 (2007). The parties only dispute whether the proposed pleading adequately alleges that appellees intentionally and improperly procured a breach of the contract between Boston Beer and High Falls.

Even accepting as true those allegations that Boston Beer claims the district court erroneously discarded as conclusory, the proposed pleading still fails to allege that appellees intentionally and improperly procured a breach of the contract. The proposed amended pleading merely alleges that appellees -- a private equity firm and its investment vehicle -- intended to acquire High Falls's assets without assuming the "economically disadvantageous" contract with Boston Beer. [Proposed] Second Am. Answer & Countercls. ¶¶ 12-17, 22. Even if appellees promised High Falls's CFO additional benefits in exchange for dropping his demand that they assume the contract with Boston Beer, that does not show appellees intended anything other than obtaining High Falls's assets on their terms. It does not show that "the target of appellees' conduct was [High Falls's] contractual arrangements with appellants, any more than [it shows] the target was [High Falls's] contracts with phone or electric companies." G.K.A. Beverage Corp. v. Honickman, 55 F.3d 762, 767-68 (2d Cir. 1995) (holding that allegations that defendant bankrupted a corporation, purchased its assets in bankruptcy without assuming its contracts, and threatened

litigation against other bidders in bankruptcy who would have assumed the contracts did not show an intent to interfere with those contracts); see also Health-Chem Corp. v. Baker, 915 F.2d 805, 809 (2d Cir. 1990) ("[T]o be actionable, the interference must be intentional and not incidental to some other lawful purpose."); Restatement (Second) of Torts § 766 cmt. j (explaining that acting without intent to cause the breach, but with substantial certainty that it will occur, is generally not improper if the interfering party is advancing its own interest and does not use wrongful means).

The only allegation that gives rise to a possible inference that appellees intended to interfere with their future rival's contract is the allegation that appellees intended to compete with Boston Beer. That inference, however, is implausible in light of the allegations that after the acquisition, appellees retained High Falls's contracts with several other brewers and attempted to negotiate a new contract with Boston Beer. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, the district court correctly concluded that the amendment was futile and did not abuse its discretion by denying leave to amend.

We have considered Boston Beer's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk

- 4 -